Inocencia Picón Rivera, Plaintiff and Appellant, *v.* Central Cambalache, Inc., Defendant and Appellee.

No. 6572. Argued June 29, 1935.—Decided July 16, 1935.

*Isaías M. Crespo* for appellant. *Félix Santoni* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The defendant has presented a motion requesting the reconsideration of the judgment rendered by this court on May 20 last.

The court decided to hear the plaintiff on the second ground of the motion, that is, the one relating to the pronouncement of costs, and that party filed its written opposition to the reconsideration of said pronouncement.

The legal question involved gives rise to the holding of views, as shown by the divergence of opinion among the members of this court. Although the way in which the same was to be finally decided had been suggested in former decisions of this court, it was definitely settled in the case of *Martínez* v. *Central Cambalache,* on March 8th last, *ante,* p. 208, long after the present suit was begun, and in that case in reversing the judgment and rendering that which the court below should have entered, we did so without special pronouncement of costs.

In the instant case the district court held for the defendant. The brief of the latter as appellee and its motion for reconsideration reveal a firm conviction of the position sustained by it.

Under these circumstances, we are of the opinion that although the losing party should pay the costs, the same should not include the whole of the attorney's fees.

The law in force provides that "in all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party *an amount representing the value of the services of his attorney or a part of such amount."* Italics ours. The same law

further provides "that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered." Section 327 of the Code of Civil Procedure, 1933 ed., p. 155.

In a case like the present one the Supreme Court, in reversing the judgment of the district court, shall proceed to render such judgment as the court below should have rendered (section 306 of the Code of Civil Procedure, 1933 ed., p. 143), and has to that end the same authority, so that the provisions of section 327 of the Code of Civil Procedure above cited with regard to district courts are applicable now to the Supreme Court.

Thus, considering the attendant circumstances in accordance with the law, we think that in order to get as close as possible to the justice of the case, we must reconsider the said pronouncement of costs contained in the judgment of May 20, 1935, by substituting for it the following: "with costs, including therein half of the value of the attorney's fees."

As to the question on the merits, the motion for reconsideration has not convinced us that we should modify our former opinion.

Therefore, the motion for reconsideration is granted in part and denied in part, as above indicated.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila dissented.